IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

J.E. DUNN NORTHWEST, INC., an      )
Oregon corporation,                )
                                   )
                Plaintiff,         )      Civil Case No. 09-1068-KI
                                   )
        vs.                        )      OPINION AND ORDER
                                   )
SALPARE BAY, LLC, an Oregon limited )
liability company; HARBOR INVESTORS, )
LLC, an Oregon limited liability company; )
BANKFIRST, INC., a South Dakota    )
corporation; TRIAD MECHANICAL, INC., )
an Oregon corporation; MARION      )
CONSTRUCTION COMPANY, an Oregon    )
corporation; HARRIS REBAR SEATTLE, )
INC., d/b/a HARRIS REBAR PORTLAND, )
a Washington corporation; CITY OF  )
PORTLAND, a municipal corporation; )
MORSE BROS., INC., an Oregon       )
corporation; RAY'S PLUMBING OF     )
BRUSH PRAIRIE, INC., a Washington  )
corporation; INDUSTRIAL CONCRETE,  )
LLC, an Oregon limited liability   )
corporation; REFA ERECTION, INC., an )
Oregon corporation; ASSOCIATED     )

Page 1 - OPINION AND ORDER

MASONRY RESTORATION, INC., d/b/a )
PARDUE RESTORATION, INC., an )
Oregon corporation; PACIFIC NORTH- )
WEST ICF, INC., a Nevada corporation; )
R2M2 REBAR AND STRESSING, INC., )
an Oregon corporation; PRIORITY 1 )
CLEANING, INC., a Washington )
corporation; MYHRE GROUP )
ARCHITECTS, INC., an Oregon )
corporation; THYSSENKRUPP SAFWAY, )
INC., a Delaware corporation; )
BELLINGHAM MARINE INDUSTRIES, )
INC., a Washington corporation, )
                                    )
                    Defendants.     )
_____ )

Arnold L. Gray
Angela M. Otto
Stewart Sokol & Gray, LLC
2300 SW First Avenue, Suite 200
Portland, Oregon  97201-5047

        Attorneys for Plaintiff

Dean M. Phillips
Nicholas A. Kampars
Davis Wright Tremaine LLP
1300 SW Fifth Avenue, Suite 2300
Portland, Oregon  97201

        Attorneys for Defendant Bellingham Marine Industries, Inc.

Amanda M. Walkup
Todd R. Johnston
Hershner Hunter, LLP
180 E. 11th Avenue
P. O. Box 1475
Eugene, Oregon  97440

        Attorneys for Federal Deposit Insurance Corporation seeking substitution
            for BankFirst

Robert L. O'Halloran
McEwen Gisvold LLP
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204

       Attorney for Defendant Marion Construction Company

KING, Judge:

Plaintiff J.E. Dunn Northwest, Inc. ("Dunn") filed this lawsuit in Multnomah County Circuit Court on October 26, 2007, naming BankFirst as a defendant. BankFirst closed and fell into FDIC receivership ("FDIC-R") on July 17, 2009. The FDIC-R removed the action on September 8, 2009. Before the court are the Motions to Remand filed by Dunn, Marion Construction Company and Bellingham Marine Industries, Inc. (#3, 8, 9, and 11). Also before the court is the FDIC-R's Motion to Substitute FDIC as Receiver for BankFirst and to Stay Proceedings (#5). Finally, the FDIC-R recently filed a Motion to Stay Proceedings for 180 Days (#29). Since I remand due to the FDIC-R's failure to substitute itself for BankFirst in the state action, I need not reach the remaining motions.

## PROCEDURAL BACKGROUND

Dunn, a contractor, filed this action in Multnomah County Circuit Court on October 26, 2007, bringing construction lien foreclosure, breach of contract, quantum meruit and statutory claims against Salpare Bay, LLC and Harbor Investors, LLC, owners of property intended for condominium development, as well as against BankFirst, the holder of the trust deed on the real property. Multiple other contractors and suppliers also sought to foreclose their construction liens. I refer to these parties, including Dunn, as the Lien Claimants.

Page 3 - OPINION AND ORDER

BankFirst brought cross-claims against Salpare and Harbor, and a third-party complaint against Columbia Rim Construction, Inc., Columbia Rim Corporation and Michael J. DeFrees (the "Salpare defendants") having to do with the alleged breach of promissory note and guaranty agreements.  Salpare and Harbor filed claims against BankFirst alleging breach of fiduciary duties, breach of the duty of good faith and fair dealing, and breach of contract.  I refer to all of these claims as the "Owner/Lender Claims."  The Lien Claimants are not involved in the Owner/Lender Claims.

Substantial litigation has already taken place on the construction lien foreclosure claims filed by the Lien Claimants.

On June 13, 2008, Judge Adrienne Nelson granted Dunn's Motion for Summary Judgment, finding that the Lien Claimants had priority over BankFirst's trust deed.  On September 17, 2008, Judge Nelson bifurcated the issues for trial, setting the construction lien foreclosure claims, bond claims, breach of contract and quantum meruit claims for one trial, and reserving for another trial the Owner/Lender claims between BankFirst and the Salpare defendants.

Judge Nelson presided over a trial of the lien foreclosure claims on December 8 through 15, 2008.  On March 20, 2009, Judge Nelson issued her Findings of Fact and Conclusions of Law, finding in favor of the Lien Claimants and against Salpare, Harbor and BankFirst, and on April 20, 2009, she issued a Second Amended Findings of Fact and Conclusions of Law clarifying her decision.  Judge Nelson signed the limited judgment on April 21, 2009, but it was not entered by the court until September 8, 2009 due to some modifications requested by the clerk's office.  On June 12, 2009, Judge Nelson presided over argument on post-judgment

matters, including Dunn's Petition for Attorney Fees and Costs. She awarded fees and costs to Dunn on September 9, 2009, in a letter ruling.

In the midst of the above proceedings, on July 17, 2009, the South Dakota Division of Banking closed BankFirst and the FDIC was appointed as receiver. Dunn was not aware of this turn of events. On September 3, 2009, FDIC-R filed in Multnomah County Circuit Court a Motion of Request for Stay and Motion to Substitute FDIC-R for BankFirst. It appeared before Judge Edward J. Jones, *ex parte*, requesting an expedited hearing on its Motion because, as it candidly admits, it sought to avoid entry of judgment on the lien foreclosure claims. Judge Jones denied the request for expedited hearing because the case was assigned to Judge Nelson. FDIC-R then sought a hearing before Judge Nelson, but its request was denied.

On September 8, 2009, FDIC-R filed its Notice of Removal.

On September 9, 2009, a judgment on the lien foreclosure claims was entered in Multnomah County Circuit Court. The Owner/Lender claims were set for trial in state court on November 2, 2009.

## LEGAL STANDARDS

Pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), the FDIC-R may remove

> any action, suit, or proceeding from a State court to the appropriate United States district court *before the end of the 90-day period beginning on the date* the action, suit, or proceeding is filed against the Corporation or *the Corporation is substituted as a party*.

12 U.S.C. § 1819(b)(2)(B) (emphasis added).

There are exceptions to the FDIC-R's right to remove.  The FDIC-R may not remove any action:

> (i)  to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
>
> (ii)  which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
>
> (iii)  in which only the interpretation of the law of such State is necessary[.]

12 U.S.C. § 1819(b)(2)(D).

## DISCUSSION

Dunn argues that the FDIC-R has no right to remove this action because it failed to substitute itself for BankFirst prior to filing its Notice of Removal.  According to Dunn, the FDIC-R could only remove this case to federal court if it had first been substituted for BankFirst.  Although the FDIC-R filed its Motion to Substitute, seeking a ruling in state court, it removed this case to federal court before the state court ruled on its motion.  As a result, it removed the case before it was a party to the case.

The FDIC-R argues that courts have not interpreted the statute to require that the FDIC-R be formally substituted as a party prior to seeking removal to federal court because it is a party as soon as it becomes receiver for the failed bank as a matter of law.  FDIC v. Wissesel & Sons Constr. Co., Inc., 881 F. Supp. 119 (D. N.J. 1995); McCarthy Western Constructors, Inc. v. Phoenix Resort Corp., 951 F.2d 1137, 1141 (9th Cir. 1991).  Alternatively, it argues that courts have deemed substitution to occur as soon as the FDIC-R appears in state court.  FDIC v. Loyd,

955 F.2d 316, 327 (5th Cir. 1991); Heaton v. Monogram Credit Card Bank of Georgia, 297 F.3d

416, 426 (5th Cir. 2002).

I reject the FDIC-R's argument and rely, instead, on Buczkowski v. FDIC, 415 F.3d 594

(7th Cir. 2005).  In that case, the question was whether the FDIC-R needed to remove within 90

days of its appointment as a receiver or within 90 days of its substitution as a party.  The court

noted, relying on the language of the statute, that

> [s]ubstitution "as a party" must mean "as a party to the litigation."  Reading this
> language to mean "substituted as the failed bank's receiver" would turn the word
> "party" into mush.  The FDIC may be a bank's receiver or insurer or regulator (its
> three statutory capacities), but it is not a "party" to anything in particular in any of
> these capacities.  It becomes a "party" only in court.  "Substituted as a party" and
> "appointed as a receiver" are too different to equate.  Federal practice requires
> notice and motion for all substitutions other than the identity of an officeholder in
> official-capacity suits.  See Fed. R. Civ. P. 25.  Section 1819(b)(2)(B) should be
> understood against that background, so that substitution as a party requires a
> specific filing in court.  (Illinois follows the same approach to substitution.  735
> ILCS 5/2-1008.  We refer to federal practice, however, because it supplies the
> background for § 1819(b)(2)(B), a statute that means the same in every state.)

415 F.3d at 596.

In response to this authority, the FDIC-R suggests that this Court could substitute the

FDIC-R for BankFirst.  Its only support for this argument is the comment made by the

Buczkowski court that, "[a]ny litigant, or *the court on its own motion*, can substitute the FDIC

for the failed bank as a party."  Id. at 597 (emphasis added).  The court went on to state, however,

"That would open the 90-day window for removal."  Id.  Thus, it is clear that the *state court*

could *sua sponte* substitute the FDIC-R for the failed bank; the court's conclusion says nothing

of the *federal court's* authority in this regard.  Addressing this issue, the federal court in Estate of

Harding v. Bell, noted, "If the Court were to grant nunc pro tunc substitution, it would elevate

form over substance.  More critically, the Court would effectively undermine the rule it is

obligated to apply."  817 F. Supp. 1186, 1191 (D. N.J. 1993).

Additionally, I am not persuaded by the cases the FDIC-R cites.  Dunn points out that the

statute was amended in 1991 to add the language at issue here.  Specifically, it was only after the

1991 amendment that the language requiring the FDIC-R to remove within 90 days of being

"substituted as a party" was added.[1]  As a result, I do not find <u>McCarthy Western</u> or <u>Loyd</u> helpful

as these are both cases that arose prior to the 1991 amendment.

I am also not persuaded by the post-1991 cases <u>Wissel & Sons</u> and <u>Heaton</u>.  Although

<u>Wissel & Sons</u> was issued in 1995, it does not closely evaluate the language of section 12 U.S.C.

§ 1819(b)(2)(B).  Instead, it relies on a pre-amendment case which suggested that neither the

FDIC-removal statute nor the more general removal statute "explicitly require the FDIC be

formally substituted as a party before removal is proper."  <u>Wissel & Sons</u>, 881 F. Supp. at 124,

125 (quoting <u>Mountain Ridge State Bank v. Investor Funding Corp.</u>, 763 F. Supp. 1282, 1290 (D.

N.J. 1991)).  I disagree with this statement in that the statute now explicitly calls for substitution

of the FDIC-R to trigger its right to remove.

Similarly, I disagree with the implication in <u>Heaton</u> that simply by filing a motion in state

court, the FDIC becomes a party.  <u>Heaton v. Monogram Credit Card Bank of Georgia</u>, 297 F.3d

416, 426 (5th Cir. 2002).  Instead, under the Oregon Rules of Civil Procedure, the FDIC was not a

party until the state court granted FDIC's Motion to Substitute.  <u>See</u> Or. R. Civ. P. 34E ("In case

of any transfer of interest, the action may be continued by or against the original party, unless the

---

[1]Prior to the 1991 amendment, 12 U.S.C. § 1819(b)(2)(B) did not contain a removal
period, and the courts applied the thirty-day removal period found in 28 U.S.C. § 1446.

court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."); see also Interior Glass Serv., Inc. v. FDIC, 691 F. Supp. 1255, 1256-57 (D. Alaska 1988) (in interpreting identical language in evaluating a motion to remand under the pre-amendment statute, court held that "the FDIC was not substituted as a party until the state court so ordered").

The Seventh Circuit's decision in Buczkowski is consistent with cases elsewhere. See Diaz v. McAllen State Bank, 975 F.2d 1145, 1147-48 (5th Cir. 1992) (time period begins to run when FDIC is substituted as a party); Estate of Harding, 817 F. Supp. at 1191 ("it is clear that section 1819(b)(2)(B) now requires substitution in the state proceedings before removal"); McDougald v. FDIC, CA No. 93-10559-T, 1993 U.S. Dist. LEXIS 19750 (D. Mass. Dec. 21, 1993) (90 days runs from substitution); Pyle v. Meritor Sav. Bank, 821 F. Supp. 1072, 1074 n.2 (E.D. Pa. 1993) (removal procedurally defective when FDIC not substituted).

For the foregoing reasons, I find that the FDIC-R's Notice of Removal was defective as it was not a party to the state case. As such, it has not met the requirements of 12 U.S.C. § 1819(b)(2)(B) and remand is called for.

Dunn alternatively argues that the FDIC-R may not remove because all three of the factors under the exception to removal authorization contained in 12 U.S.C. § 1819(b)(2)(D), as set forth above, are met. Dunn next contends that the FDIC-R waived its right to remove, filed a deficient Notice of Removal, and that the equities weigh in favor of removal. I need not reach these issues, because I find the FDIC-R had no right to remove the case since it failed to substitute itself for BankFirst prior to filing its Notice of Removal.

Similarly, since I remand the case to Multnomah County Circuit Court, I do not rule on the other pending motions.

## CONCLUSION

For the foregoing reasons, I GRANT the Motions to Remand filed by Dunn, Marion Construction Company and Bellingham Marine Industries, Inc. (#3, 8, 9, and 11).  I DENY as moot the FDIC-R's Motion to Substitute FDIC as Receiver for BankFirst and to Stay Proceedings (#5) and the FDIC-R's Motion to Stay Proceedings for 180 Days (#29).

IT IS SO ORDERED.

Dated this _____26th_____ day of October, 2009.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge